CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
June 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Mohammed Azimi, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:25-cv-00043 |
| Hon. Claude V. Worrell, II, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Mohammed Azimi, proceeding *pro se*, sues Judge Claude V. Worrell, II, of the Albemarle County Circuit Court under 42 U.S.C. § 1983 for alleged violations of the First Amendment. This matter is before the court on Azimi's application for leave to proceed *in forma pauperis* (Dkt. 2). The court will grant the application and dismiss Azimi's complaint under Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.   Background[1]

Azimi, who resides in Charlottesville, Virginia, was a party to a divorce proceeding in state circuit court. (*See* Compl. at 3 (Dkt. 1).) Judge Worrell presided over the case. (*Id.*) On March 14, 2025, Judge Worrell entered a final decree of divorce in the case. (Compl. Ex. 1 (Dkt. 1-1).) The decree granted Azimi a divorce from his ex-wife pursuant to Virginia law and held that Azimi's ex-wife was entitled to all marital property. (*Id.* at 2.) It also ordered that

---

[1] The facts alleged in Azimi's complaint and supporting exhibit are accepted as true when evaluating whether the complaint states a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

Azimi "cooperate with any and all actions and procedures necessary to accomplish a religious divorce pursuant to the Islamic Religion with all due speed and dispatch." (*Id.*)

On May 27, 2025, Azimi filed a § 1983 complaint for declaratory and injunctive relief against Judge Worrell in this court, along with an application to proceed *in forma pauperis*.[2] (*See* Compl.; Dkt. 2.) Azimi alleges that Judge Worrell's order requiring him to accomplish an Islamic divorce violates the Free Exercise Clause and Establishment Clause of the First Amendment, as applied to the states through the Fourteenth Amendment. (Compl. at 1.)

## II. Standard of Review

After allowing a plaintiff to proceed *in forma pauperis*, the court must "dismiss the case at any time" if it determines that the action (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When evaluating whether a complaint "fails to state a claim on which relief may be granted" under § 1915(e)(2)(B)(ii), the court applies the same standard that applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572

---

[2] Azimi has filed three other lawsuits in this court challenging various state officials' and attorneys' conduct during child-custody, divorce, and criminal proceedings. *See Azimi v. Bunch et al.*, No. 3:25-cv-00020 (W.D. Va. filed Apr. 15, 2025); *Azimi v. Pustilnik*, No. 3:25-cv-00024 (filed Apr. 21, 2025); *Azimi v. Zug*, 3:25-cv-00041 (filed May 22, 2025).

F.3d 176, 180 (4th Cir. 2009). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must liberally construe pleadings filed by a *pro se* party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Apart from § 1915(e)(2)(B), a federal court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). "Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern*, 190 F.3d at 654. The party asserting subject matter jurisdiction has the burden to show that jurisdiction exists. *Id.*

### III. Analysis

Upon reviewing Azimi's complaint, the court concludes that the *Rooker-Feldman* doctrine bars the court from exercising subject matter jurisdiction over Azimi's claims.

The *Rooker-Feldman* doctrine derives from the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine "holds that lower federal courts generally do not have subject matter jurisdiction to review state-court decisions." *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 857 (4th Cir. 2001) (cleaned up). It specifically prohibits federal district courts from hearing claims "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Such claims are subject

to dismissal because they ask "the federal district court to conduct an appellate review of the state-court decision," which falls outside of the jurisdiction Congress has granted federal district courts. *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006)); *see* 28 U.S.C. § 1257.

The *Rooker-Feldman* doctrine prevents federal district courts from reviewing judgments of state courts of all levels. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997). It "extends not only to issues actually decided by a state court but also to those that are inextricably intertwined with questions ruled upon by a state court." *Safety-Kleen, Inc.*, 274 F.3d at 857–58 (internal quotation marks omitted). "A federal claim is 'inextricably intertwined' with a state court decision if success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Id.* at 858 (internal quotation marks omitted). When a plaintiff's claim in federal court meets that standard, they "may not escape the jurisdictional bar of *Rooker-Feldman* by merely refashioning [their] attack on the state court judgment[] as a § 1983 claim." *Jordahl*, 122 F.3d at 202. That includes § 1983 claims alleging federal constitutional violations. *See, e.g., id.* at 202–03.

Putting these principles together, the *Rooker-Feldman* doctrine means that a party who lost in state court "is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates [their federal constitutional] rights." *Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) (quoting *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000)).

The *Rooker-Feldman* doctrine, therefore, prevents the court from hearing the claims brought by Azimi in this case. Azimi's First Amendment claims are barred because they ask this court to review part of a final state-court judgment. The claims are inextricably intertwined with Judge Worrell's divorce decree, as they allege that part of the decree violated the Religion Clauses. In other words, Azimi asserts that "the state judgment itself violates [his] rights" under the First Amendment. *Id.* Because Azimi's claims challenge the final divorce decree and seek to vacate and enjoin enforcement of that judgment, the *Rooker-Feldman* doctrine bars this court from hearing them. *Exxon Mobil Corp.*, 544 U.S. at 284; *see, e.g., J.B. v. Cnty. of Howard in Md.*, Civ. Action No. ELH-14-3752, 2015 WL 306705, at *7–8 (D. Md. Jan. 21, 2015) (dismissing claims challenging state-court judgment in divorce and child-custody proceedings under *Rooker-Feldman*). The appropriate avenue for challenging the constitutionality of the divorce decree is an appeal to the proper state tribunal.

Accordingly, the court will dismiss Azimi's claims challenging Judge Worrell's divorce decree under Rule 12(h)(3) for lack of subject matter jurisdiction. Azimi's complaint does not allege any other plausible claim for relief against Judge Worrell, so the complaint is also subject to dismissal under § 1915(e)(2)(B)(ii).

## IV.    Conclusion

For the reasons stated above, Azimi's application for leave to proceed *in forma pauperis* (Dkt. 2) will be **GRANTED**, and Azimi's complaint will be **DISMISSED without prejudice** pursuant to Rule 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will issue.

**ENTERED** this __3rd__ day of June, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE